UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

KNOWYOURMEME.COM NETWORK, and
PALISADES CAPITAL, INC.,

      Plaintiffs,

  -against-

JACOB NIZRI, WE ENDEAVOR LTD, and
LITERALLY MEDIA LTD.,

      Defendants.

------------------------------------- x

**MEMORANDUM DECISION AND ORDER**

20 Civ. 9869 (GBD)(JLC)

GEORGE B. DANIELS, United States District Judge:

  The facts and procedural history of this case should be familiar to the parties. Plaintiffs brought this action in New York State Supreme Court alleging breach of a letter of intent (LOI) by Defendants. Defendants removed the action to this Court based on diversity jurisdiction. (*Id.*) Defendants subsequently moved to dismiss, arguing, in part, that an Israel forum selection clause in the LOI bars the Plaintiffs from pursing the immediate action in this Court. Plaintiffs did not immediately oppose the motion, but instead, moved to amend the complaint to join additional Defendants who would have destroyed diversity. Eventually, Plaintiffs opposed the motion to dismiss. On August 30, 2021, Magistrate Judge James L. Cott issued his Report and Recommendation (the "Report"), recommending that Defendants' motion to dismiss be granted. (Report, ECF No. 67, at 1–2, 43.) This Court adopted the Report in its September 28, 2021 Memorandum Decision and Order (the "Decision") and dismissed Plaintiffs' action.

  Plaintiffs now move for reconsideration of the Decision. Plaintiffs take issue with the Decision ostensibly failing to "consider all of the Plaintiffs' arguments on the topics of removal and joinder." (Mot. for Reconsideration, ECF No. 1-1, at 1.) Specifically, Plaintiffs highlight the

1

paucity of discussion regarding the proposed joinder of additional Defendants and seek reconsideration on grounds that joiner is proper, which would remove this Court of subject matter jurisdiction over the case. (Mem. of Law in Supp. of Mot. for Reconsideration, ECF No. 77-1, at 1.) The motion for reconsideration is DENIED.

The Court enforced the forum selection clause and found dismissal proper under the doctrine of *forum non conveniens*. This made all of Plaintiffs other objections to the Report moot. (Decision at 9 n.3.) This Court found that this was not the right forum to bring an action, Israel was. Therefore, there was no need to address the merits of Plaintiffs other objections, especially those seeking to make amendments to a complaint filed in the incorrect forum.[1]

Therefore, Plaintiffs' Motion for Reconsideration, (ECF No. 77), is DENIED. The Clerk of the Court is directed to close the motion and this case accordingly.

Dated: JUN 14 2022
New York, New York

JUN 1 4 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[1] To the extent Plaintiffs are arguing that this Court should have found that it lacked subject matter jurisdiction because joinder was proper, the Plaintiffs misapprehend the Court's procedure in making its decision. Remand was originally proper because of the Defendants listed in the operative complaint. Once Remand was proper, this Court decided to enforce the forum selection clause of the LOI and not entertain any further amendments to the complaint.