UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
KNOWYOURMEME.COM NETWORK, and
PALISADES CAPITAL, INC.,

                    Plaintiffs,

        -against-

JACOB NIZRI, WE ENDEAVOR LTD, and
LITERALLY MEDIA LTD.,

                    Defendants.

------------------------------------- x

MEMORANDUM DECISION AND ORDER

20 Civ. 9869 (GBD)(JLC)

GEORGE B. DANIELS, United States District Judge:

On September 28, 2021, this Court issued a Memorandum Decision and Order, (("Dismissal Order"), ECF No. 75), dismissing the Complaint filed by Plaintiffs Knowyourmeme.com Network and Palisades Capital, Inc. against Jacob Nizri, We Endeavor Ltd., and Literally Media Ltd. On June 14, 2022, this Court denied Plaintiffs' Motion for Reconsideration of that dismissal. (Mem. Decision and Order ("Reconsideration Denial"), ECF No. 81.) Plaintiffs now move to reopen the case and for relief from the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (ECF Nos. 84, 86.) Plaintiffs' motion is DENIED.

## I.    BACKGROUND

This Court assumes that the parties are familiar with the facts in this case. Plaintiffs brought this action in New York State Supreme Court alleging breach of a letter of intent (LOI) by Defendants. Defendants removed the action to this Court based on diversity jurisdiction. (Notice of Removal, ECF No. 1.) Defendants subsequently moved to dismiss, arguing, in part, that an Israel forum selection clause in the LOI bars the Plaintiffs from pursing the immediate action in this Court. (Motion to Dismiss, ECF No. 5.) Eventually, Plaintiffs opposed the motion

1

to dismiss. On August 30, 2021, Magistrate Judge James L. Cott issued his Report and Recommendation (the "Report"), recommending that Defendants' motion to dismiss be granted. (Report, ECF No. 67, at 1–2, 43.) This Court adopted the Report in its September 28, 2021 Memorandum Decision and Order and dismissed Plaintiffs' action. (*See generally* Dismissal Order.)

Plaintiffs then moved for reconsideration of the Dismissal Order on the grounds that this Court failed to "consider all of the Plaintiffs' arguments on the topics of removal and joinder." (Mot. for Reconsideration, ECF No. 77, at 1.) Because the enforcement of the forum selection clause mooted all of Plaintiffs' other arguments, this Court denied that Motion for Reconsideration on June 14, 2022. (Reconsideration Denial.) After that denial, Plaintiffs appealed to the Second Circuit Court of Appeals on June 15, 2022 (Notice of Appeal, ECF No. 82.) That court affirmed this Court's judgment on October 11, 2023. *KnowYourMeme.com Network, Inc. v. Nizri*, No. 22-1322, 2023 WL 6619165, at *3 (2d Cir. Oct. 11, 2023). Plaintiffs then petitioned for a panel rehearing and rehearing *en banc*. (Petition for Panel Rehearing, 2d Cir. Case No. 22-1322, ECF No. 126.) Plaintiffs argued that they were entitled to a rehearing because, *inter alia*, the war in Israel was an "extraordinary circumstance" that had developed after the Second Circuit's original affirmance and the United States Department had issued a Travel Advisory discouraging travel to Israel. (*Id.* at 2–4.) Just as they do in the instant motion, Plaintiffs argued that these developments warranted a finding that Israel was no longer a suitable forum for their case. (*Id.* at 5.) On November 27, 2023, the Second Circuit denied Plaintiffs' petition for rehearing *en banc*. (Order, 2d Cir. Case No. 22-1322, ECF No. 135.) The Second Circuit issued its mandate to this Court on December 5, 2023 (Mandate of USCA, ECF No. 83.)

On August 5, 2024, Plaintiffs moved to reopen this case and to vacate this Court's original judgment. (Motion to Reopen Case, ECF No. 84.)

## II.   LEGAL STANDARDS

Rule 60(b) provides "grounds on which a court, in its discretion, can rescind or amend a final judgment or order." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The moving party may seek relief under "any of several grounds specified in five numbered subparts and under a sixth, catch-all provision allowing for relief for 'any other reason.'" *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (citations omitted). "Rule 60(b) is a mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (internal quotations omitted). "[A] Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." *Whittaker v. N.Y. Univ.*, 543 F. App'x 113, 114 (2d Cir. 2013) (*citing Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).

Plaintiffs invoke two of the six grounds for relief listed in Rule 60(b). First, they seek relief under Rule 60(b)(5), which allows relief when "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). Plaintiffs further seek relief under Rule 60(b)(6), the catch-all provision that permits relief for "any other reason that justifies [it]." Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) and the other subsections to Rule 60(b), including 60(b)(5), are mutually exclusive; that is, a plaintiff may obtain relief under 60(b)(6) only if no other subsection applied. *See Neimazer*, 793 F.2d at 63. Because any relief under Rule 60(b) is "extraordinary," Plaintiffs must show "exceptional circumstances" to warrant a grant of their motion. *Id.* at 61.

3

### III.   PLAINTIFFS ARE NOT ENTITLED TO RELIEF UNDER RULE 60(B).

#### A.   Plaintiffs are not entitled to relief under Rule 60(b)(5).

Under Rule 60(b)(5), "a party may be relieved from a final judgment if changed circumstances render the prospective application of that judgment inequitable. *Molnlycke Health Care US, LLC v. Purdy*, No. 20CIV3755CSJCM, 2021 WL 4464952, at *2 (S.D.N.Y. Sept. 9, 2021) (citing *Lee v. Marvel Enters., Inc.*, 765 F. Supp. 2d 440, 451 (S.D.N.Y. 2011)). An order has "prospective application" under Rule 60(b)(5) if it is "executory or involves the supervision of changing conduct or conditions." *Id.* (internal quotations omitted). In practice, this means that Rule 60(b)(5) is typically applied to reconsider injunctions or consent decrees, "which tend to stay in place for long periods of time" and therefore may benefit from being reexamined after circumstances change. *Id.* (internal quotations omitted). An order that "determine[s] the parties' present rights and obligations with respect to the claims raised" is not prospective. *Molnlycke Health Care US, LLC v. Purdy*, No. 20CIV3755CSJCM, 2021 WL 4464952, at *3 (S.D.N.Y. Sept. 9, 2021).

In the instant case, Plaintiffs are not entitled to relief under Rule 60(b)(5) because this Court's June 14, 2022 decision was not prospective; thus, Rule 60(b)(5) does not apply. It is not enough that the decision had some future effect because it determined that this case had to be tried in Israel. Almost any court order will have some such future effect. *See Tapper v Hearn*, 833 F.3d 166, 170 (2d Cir. 2016). To qualify for relief under Rule 60(b)(5), Plaintiffs must show more than they have here. This Court's decision "did not leave any of the parties' rights and liabilities to be determined on the basis of future events . . . nor did it leave open future adjudication of any issues regarding the rights of the parties" that were at issue. *Molnlycke*, No. 20CIV3755CSJCM, 2021 WL 4464952 at *3 (finding that a Settlement Agreement was not "prospective" under the meaning

4

of Rule 60(b)(5)). Moreover, under this standard, Rule 60(b)(5) does not apply to dismissed motions. *See Browning Ave. Realty Corp. v. Rosenshein*, 142 F.R.D. 85, 88 (S.D.N.Y. 1992) (stating that Rule 60(b)(5) did not apply after the court dismissed the plaintiffs' complaint). Thus, Rule 60(b)(5) is inapplicable to the instant motion. This Court's dismissal of the Plaintiffs' complaint has no prospective application, and Plaintiffs therefore cannot seek relief from that dismissal under Rule 60(b)(5).

### B. Plaintiffs are not entitled to relief under Rule 60(b)6).

As discussed above, Rule 60(b)(6) is Rule 60's catch-all provision, which permits a grant of relief for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Despite this open wording, Rule 60(b)(6) "has been narrowly cabined by . . . precedent." *Harris v. United States*, 367 F.3d 74, 80 (2d Cir. 2004). "Properly applied, Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Reese v. Bahash*, 574 F. App'x 21, 23 (2d Cir. 2014) (citation omitted). "Rule 60(b)(6) is 'properly invoked only when there are extraordinary circumstances justifying relief' or 'when the judgment may work an extreme and undue hardship.'" *Mendes Junior Int'l Co. v. Banco Do Brasil S.A.*, 394 F. App'x 787, 788 (2d Cir. 2010) (quoting *Nemaizer*, 793 F.2d at 63).

As they did in front of the Second Circuit, Plaintiffs argue that the war in Israel was a "material change" that rendered Israeli courts "so dangerous as to be unreasonable and seriously inconvenient" to Plaintiffs, this time adding that they have "patiently waited" to see if the war would end. (Motion to Reopen Case at 13–14.) Plaintiffs also cite to Israel's struggling economy and a U.S. State Department Travel Advisory that encourages people to "Reconsider Travel" to Israel as further evidence that Israel is a newly unsuitable forum. (*Id.* at 10, 15.) All of this, Plaintiffs say, make Israel "seriously inconvenient for trial" and the forum selection clause

unreasonable. (*Id.* at 16.)

None of this demonstrates extraordinary circumstances that justify vacating this Court's enforcement of the forum selection clause. For one, these arguments are largely repeats of the arguments Plaintiffs made to the Second Circuit, which were duly rejected. None of the "developments" Plaintiffs argue have occurred since that *en banc* denial are significant: While there are new military activities and threats, such developments are natural in an ongoing war—and the advent of the war itself was not a large enough development for the Second Circuit to reconsider its affirmance of this Court's decision. Moreover, the United States had already issued a Travel Advisory discouraging travel to Israel at the time of the Second Circuit's decision.[1]

Even if these arguments had not already been considered and rejected by the Second Circuit, Plaintiffs would fail on the merits. A travel warning or advisory does not, by itself, make litigation in that country dangerous and unreasonable. *See Ismail v. Am. Univ. of Beirut*, 246 F.Supp.2d 330, 331, 333 (S.D.N.Y. 2003) (finding Lebanon an adequate alternate forum despite a U.S. travel warning). Moreover, Plaintiffs provide no evidence that the war in Israel has impeded or will impede the functioning of Israel's judiciary such that justice cannot properly be served. They claim that there is "no confirmation" that Israeli courts would make accommodations for nonresident litigants, but they provide no evidence that the courts would *not* make these accommodations. (Plfs' Rep. to Def.'s Opp., ECF No. 86, at 5.) More broadly, Plaintiffs provide evidence of strife in Israel but do not provide any evidence beyond mere speculation that this strife functionally precludes them from obtaining justice there.

Plaintiff's legal arguments are similarly unavailing. Plaintiffs cite sparse caselaw, much

---

[1] Plaintiffs' assertion that there is now a more severe "Do Not Travel" label is misguided; that label is for Gaza and Northern Israel. *Israel, the West Bank and Gaza Travel Advisory*, U.S. Dept. of State (Dec. 4, 2024), https://travel.state.gov/content/travel/en/traveladvisories.

of which is non-binding. (*See* Motion to Reopen Case at 17.) Even so, their cited authorities are inapposite. First, Plaintiffs cite *M/S Bremen v. Zapata Off-Shore Co.* for the opposite proposition of that for which the case actually stands, even quoting a line that *vindicated* the enforcement of a forum selection clause in that case rather than justifying the lack of such enforcement. (*See* Motion to Reopen Case at 16); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 13 (1972) (explaining that enforcing a forum selection clause is desirable because it prevents "much uncertainty and possibly great inconvenience to both parties" since an accident can occur in *any* forum, not just the selected forum). Similarly, *Meerovich v. Big Apple Inst. Inc* and *Giroir v. MBank Dallas, N.A.* both feature forum selection clauses that were upheld and enforced. *Meerovich v. Big Apple Inst. Inc.*, No. 22-CV-7625(DLI)(LB), 2024 WL 1308603, at *7 (E.D.N.Y. Mar. 27, 2024); *Giroir v. MBank Dallas, N.A.*, 676 F. Supp. 915, 923 (E.D. Ark. 1987).

The only case Plaintiffs cite that is factually similar to this one is *McDonnell Douglas Corp. v. Islamic Republic of Iran*, an 8th Circuit case that found conditions in Iran to be a "compelling and countervailing reason" to not enforce a forum selection clause. *McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 346 (8th Cir. 1985). In support of its decision, that court noted that "several courts have recently taken judicial notice that an American corporation cannot, for all practicable purposes, receive a fair day in court in the Islamic courts in Iran"; that "Iran and the United States ha[d] not reestablished diplomatic relations"; and "Iraq's threat to shoot down all commercial planes over Iran, and the suspension of flights to Iran, by several commercial airlines." *Id.* In other words, conditions in Iran were such that the moving party "would for all practicable purposes be deprived of its day in court." *Id.* Plaintiffs have made no such showing here. There is no evidence that the Israeli judiciary is not fully functional. U.S. courts have not decided *en masse* that Israeli courts cannot provide nonresident parties with a fair trial. The United States has

not abolished its diplomatic ties with Israel, nor do Plaintiffs allege a threat to their lives should they fly into Israeli airspace. Plaintiffs' cited evidence does not rise to the level of turmoil, danger, and inconvenience discussed in *McDonnell*. This Court therefore sees no reason to vacate its earlier dismissal of this case.

## IV. CONCLUSION

Plaintiffs' Motion to Reopen this Case and for Relief from the Judgment (ECF Nos. 84, 86) is DENIED. The Clerk of the Court is directed to close the motions accordingly.

Dated: JAN 13 2025
New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge